United States District Court
Southern District of Texas
**ENTERED**
September 05, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES E. EPLEY, a/k/a PIERRYCK CASTELLAZZI, | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO. H-19-3036 |
| KELLY STRONG, *et al.*, | § § § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is plaintiff's motion for reconsideration of the Court's order granting partial reinstatement of his lawsuit. (Docket Entry No. 23.) The Court dismissed this former inmate's *pro se* civil lawsuit on February 26, 2020, for his failure to serve the eleven named defendants. On March 19, 2020, plaintiff filed two returns of summons, showing that defendants Looney and Fisher had been served prior to the Court's dismissal. The Court reinstated plaintiff's claims against Looney and Fisher on April 9, 2020. In his pending motion, plaintiff asks the Court to reinstate his claims against the remaining nine defendants who were never served. (Docket Entry No. 23.)

Having considered the motion, the record, and the applicable law, the Court **DENIES** the motion for reconsideration for the reasons shown below.

## I. BACKGROUND

Plaintiff, who completed his prison sentence in 2018 and relocated to France, filed this *pro se* civil lawsuit on August 12, 2019. He paid the filing fee but made no effort to serve the defendants. The Court warned him on October 1, 2019, that his lawsuit would be dismissed under Federal Rule of Civil Procedure ("FRCP") 4(m) for lack of timely service. Plaintiff retained counsel, and service of process was issued at counsel's request on October 31 and November 1, 2019. However, no further action regarding service appeared on the docket. On January 13, 2020, the Court ordered plaintiff to serve the defendants within thirty days or the case would be dismissed. Plaintiff made no response, and the case was dismissed for lack of service on February 24, 2020. Only after dismissal of the case did counsel for plaintiff notify the Court that defendants Looney and Fisher had been served prior to the dismissal, and the Court reinstated those claims. The remaining nine defendants were not served, and plaintiff's attorney subsequently withdrew from the case on May 19, 2020. Plaintiff continued his lawsuit *pro se*.

## II. ANALYSIS

A.  Procedural Considerations

As an initial consideration, the Court must determine the procedural posture of plaintiff's pending motion for reconsideration. The Court dismissed all of plaintiff's claims against the named defendants on February 24, 2020. Counsel for plaintiff filed a FRCP 59(e) motion to reinstate on March 19, 2020. The motion was granted in part (as to defendants

2

Looney and Fisher) and denied in part (as to the unserved defendants) on April 9, 2020. Plaintiff then filed the pending *pro se* Rule 59(e) motion for reconsideration of that ruling on April 20, 2020.[1]

In the pending motion, plaintiff asks that "all the defendants be reinstated so as to give a meaningful opportunity to Plaintiff . . . to serve process upon the defendants." This is essentially the same relief he requested in the earlier Rule 59(e) motion: "reinstate this case and allow Plaintiff to serve the Defendants most [*sic*] in an accelerated fashion" and that it allow plaintiff "a short amount of additional time to serve the remainder of the defendants." In both motions, plaintiff requested that his claims against the unserved defendants be reinstated and he be allowed to serve them with process. In the first motion, filed through counsel of record, plaintiff provided no justification for failing to serve the unserved defendants in a timely manner. In the pending second motion, filed by plaintiff *pro se*, plaintiff blames counsel for failing to obtain timely service. Although the motions seek the same relief, plaintiff argues in the second motion that, because counsel failed to comply with Rule 4(m), he should be given a second chance to comply with Rule 4(m) on a *pro se* basis. Consequently, the Court does not find that the pending motion is an improper successive Rule 59(e) motion. *See, e.g., Charles L.M. v. Northeast Independent School Dist.*, 884 F.2d 869, 870–71 (5th Cir. 1989).

---

[1] Although plaintiff was represented by counsel at the time, he was in the process of terminating counsel's representation. The Court allowed the pending motion for reconsideration to be filed *pro se*.

3

B.  FRCP 59(e)

A FRCP 59(e) motion "calls into question the correctness of a judgment." *Edionwe v. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017) (citation omitted). It is well established in this circuit that a FRCP 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (internal citation omitted); *see also Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Thus, FRCP 59(e) may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). Rather, it serves to correct a manifest error of law or fact, to account for newly discovered evidence, or to accommodate an intervening change in controlling law. *Schiller*, 342 F.3d at 567. It "is an extraordinary remedy that should be used sparingly," *Templet*, 367 F.3d at 479, and district courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995).

C.  Application

Plaintiff argues that he should be given an opportunity to serve the defendants *pro se* because his attorney failed to do so. However, plaintiff already had an opportunity to serve the defendants *pro se*. He filed this lawsuit *pro se* and took no action to serve the defendants. The docket in this case shows a continuous lack of due diligence by plaintiff in serving the defendants, from commencement of the lawsuit to its dismissal over six months later. The

failures to obtain service occurred both while plaintiff was proceeding *pro se* and while he was represented by counsel. The Court provided him ample time and warnings to obtain service, but only two defendants were served.

The Court is not persuaded by plaintiff's multiple protestations of "blindly trusting" his attorney, and of being "intimidated" and "fearful" of confronting her because of an "official looking seal" she used on her emails. Nor does he proffer any support for his personal opinion that she deliberately "wrecked" his lawsuit in order to curry favor with Texas Board of Pardons & Paroles for her other clients. Plaintiff admits he was "alarmed" from the start by counsel's inactions and lack of communication, but he took no action to terminate her representation until two months after his lawsuit was dismissed. His decision to continue "blindly trusting" counsel despite his knowledge of her delays, inactions, and failures to communicate was not an exercise of due diligence.

As the United States Supreme Court has explained, an attorney is his client's agent, and the client is bound by his attorney's negligent failure to meet a filing deadline. *Maples v. Thomas*, 565 U.S. 266, 280–81 (2012); *see also Gabriel v. Garland*, 2023 WL 5133260, at *3 (5th Cir. Aug. 10, 2023) (declining to accept petitioner's argument that he merited a continuance because "he is an innocent party and should not be penalized for his counsel's failures"). Although an exception was recognized in *Maples* in context of habeas procedural defaults where the record shows the attorney abandoned the client, no such indication is shown here. *Maples*, 565 U.S. at 914–915 ("A markedly different situation arises, however,

5

when an attorney abandons his client without notice, and thereby occasions the default. In such cases, the principal-agent relationship is severed and the attorney's acts or omissions "cannot fairly be attributed to [the client]."). To the contrary, plaintiff's own exhibits show that his attorney maintained contact with him even after the Court dismissed the unserved defendants. Although it is unclear from the record why counsel did not timely serve the other nine defendants, it does not appear that counsel abandoned plaintiff prior to dismissal of the lawsuit. Plaintiff's allegations and exhibits show that he made a decision to continue with his attorney, even though he knew certain deadlines were not being met. *See, e.g., Maples*, at 915 ("Nor can the client be faulted for failing to act on his own behalf when he lacks reason to believe his attorneys of record, in fact, are not representing him.").

The Court declines to provide plaintiff a third opportunity to serve the defendants in this lawsuit.

### III. CONCLUSION

Plaintiff's motion to reinstate his claims against the unserved defendants (Docket Entry No. 23) is **DENIED**.

Signed at Houston, Texas, on this the 1st day of September, 2023.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE