Case 4:19-cv-03036   Document 60   Filed on 09/20/23 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
September 21, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHARLES E. EPLEY, a/k/a PIERRYCK CASTELLAZZI, | § § § |
| *Plaintiff,* | § § |
| v. | §   CIVIL ACTION NO. H-19-3036 |
| KELLY STRONG, *et al.*, | § § § |
| *Defendants.* | § |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Texas Department of Criminal Justice ("TDCJ") defendants Joel Looney and Jacklyn Fisher's motion to dismiss this *pro se* civil lawsuit under Federal Rule of Civil Procedure 41(b) for plaintiff's failure to prosecute. (Docket Entry No. 52.) In the interest of justice, the Court will also consider plaintiff's improperly-filed response in opposition to the motion. (Docket Entry No. 54.)

Having considered the motion, the response, the record, matters of public record, and the applicable law, the Court **GRANTS** the motion and **DISMISSES** this lawsuit for the reasons explained below.

### I. BACKGROUND

Plaintiff is a former TDCJ prisoner who was deported to France following his release from prison in 2018. Plaintiff filed this *pro se* civil lawsuit against eleven or more prison

employees over four years ago in August 2019, complaining of events that occurred during a prison hurricane evacuation in August and September 2017. He paid the filing fee.

Significant to the defendants' pending motion, plaintiff states that he sustained a traumatic (closed head) brain injury approximately thirty years ago following a physical attack and was diagnosed in prison with post-traumatic stress disorder ("PTSD") and recurrent depression. According to plaintiff, this has left him unable to go to the post office at times and has interfered with his ability to file documents with the Court in a timely manner. (Docket Entry No. 39.) He states that he relies on "helpers" to help him complete and file his pleadings, but that the helpers do not understand "American law" and are not always available when needed. He further states that mental impairments related to the head injury have intermittently and unpredictably thwarted his efforts to respond fully to pleadings and court orders in this case.

Plaintiff was represented by retained counsel in this lawsuit during a brief period of time between October 2019 and May 2020. While represented by counsel, plaintiff served two of the defendants – Joel Looney and Jacklyn Fisher – and the Court ultimately dismissed plaintiff's claims against the remaining defendants in February 2020 under Federal Rule of Civil Procedure 4(m).

Defendants Looney and Fisher filed a motion to dismiss under Rule 12(b)(1) and Rule 12(b)(6) in February 2020. (Docket Entry No. 15.) Plaintiff filed a response in April 2020

opposing the motion, arguing that his claims against Looney and Fisher were meritorious.[1] (Docket Entry No. 20.) On March 25, 2021, the Court granted the motion in relevant part and dismissed plaintiff's claims for monetary damages against the defendants in their official and supervisory capacities. The Court further dismissed plaintiff's individual capacity claims against them under Rule 12(b)(6) for deliberate indifference, conspiracy, retaliation, medical malpractice, and negligence. Plaintiff was given leave to file an amended complaint within thirty days to cure the Rule 12(b)(6) pleading deficiencies. The Court ordered plaintiff not to raise any new claims against Looney or Fisher or raise claims against any entity or individual other than Looney and Fisher. (Docket Entry No. 33, pp. 5–7.)

The Court granted plaintiff's subsequent motion for an extension of time, and ordered him to file his amended complaint by May 23, 2021. The Court expressly advised plaintiff that the amended complaint must conform to the requirements set forth in the Court's order of March 25, 2021, and warned him that any non-compliant amended complaint would be stricken from the record. (Docket Entry No. 38.) The Court denied plaintiff's two ensuing motions for leave to file amended complaints, as they did not include proposed amended complaints and appeared to seek leave to replead expired claims that had been dismissed in 2020 against unserved defendants and/or add new expired claims and unnamed defendants.

---

[1] In his response, plaintiff reiterated his factual allegations against Looney and Fisher, but also intertwined claims against defendants who were dismissed in 2020. Thus, his response did not clarify his claims against Looney and Fisher but rather, confounded them.

3

## II. PLAINTIFF'S AMENDED COMPLAINT

Plaintiff filed an amended complaint with a motion for leave to file the complaint on May 21, 2021. (Docket Entry No. 41.) The amended complaint was largely a repleading of his claims against a number of defendants who had been dismissed in 2020, with additional claims under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). Plaintiff also added as defendants "John & Jane Does" and "all the security officers with whom plaintiff interacted during his incarceration at Wynne." The latter officers would arguably include security officers who had been dismissed under Rule 4(m) in 2020, and the Doe defendants were never identified prior to expiration of limitations. Notably, the amended complaint did *not* name Joel Looney and Jacklyn Fisher as defendants.[2] (Docket Entry No. 41-2.) In short, plaintiff proposed to abandon his claims against Looney and Fisher and instead replead expired claims – or bring new but expired claims – against defendants who had been dismissed under Rule 4(m) in 2020, and to add expired claims against new unnamed defendants.

---

[2]Inexplicably, plaintiff asked in the alternative that he be granted leave to file the amended complaint as a new lawsuit, stating that he had funds to pay the filing fee. The Court denied the request, informing plaintiff that he did not need leave in order to file a new lawsuit. To the extent plaintiff believed that obtaining leave of court to file the new lawsuit would have prevented his claims from being barred by limitations (Docket Entry No. 41-1, p. 23), he was incorrect. *See Millan v. USAA Indem. Co.*, 546 F.3d 321, 325–26 (5th Cir. 2008) (holding that a dismissal under Rule 4(m) is a dismissal with prejudice if the claims would be time-barred by the statute of limitations upon refiling).

Defendants Looney and Fisher moved to strike the amended complaint, arguing that it violated the Court's order of March 25, 2021. (Docket Entry No. 45.) Plaintiff opposed the motion, arguing that defendants' motion stood as an implicit or tacit admission that plaintiff's claims were meritorious and that defendants were attempting to block his rightful pursuit of redress. Plaintiff made no effort to file a compliant amended complaint, and on February 22, 2022, the Court granted defendants' motion and struck plaintiff's non-compliant amended complaint. (Docket Entry No. 49.)

To-date, plaintiff has not filed or sought leave to file an amended complaint compliant with the Court's order of March 25, 2021.

### III. DEFENDANTS' RULE 41(b) MOTION TO DISMISS

On April 5, 2023, defendants Looney and Fisher filed the pending Rule 41(b) motion to dismiss this lawsuit for want of prosecution. As grounds, defendants point out that plaintiff has yet to file a compliant amended complaint pursuant to the Court's order of March 25, 2021, that there are no active claims pending against them, and that no further activity in the case has taken place beyond defendants' filing of a motion to substitute counsel. Defendants argue in their motion that they will become increasingly prejudiced by plaintiff's lack of due diligence in prosecuting the case as records become unobtainable, witnesses become more difficult to locate, and that those who can be located lack sufficient recall of the underlying events to provide meaningful testimony.

On May 8, 2023, the Clerk's Office docketed plaintiff's response in opposition to defendants' Rule 41(b) motion. (Docket Entry No. 54.) The Court struck the improperly-filed response on May 23, 2023. (Docket Entry No. 58.) However, the Court has considered plaintiff's response in the interest of justice and finds that it presents no meritorious grounds for denying defendants' Rule 41(b) motion. Plaintiff asserts that his "disabilities prevent him from participating in the adversarial legal process" because he cannot reliably send pleadings by mail to the courthouse and that rules and policies of the United States District Court for the Southern District of Texas preclude his registration for filing through CM/ECF. However, plaintiff makes no mention of, and presents no justification for, his failure to file a compliant amended complaint over the past two-and-one-half years following the Court's order of March 25, 2021.[3]

Although plaintiff reports being on several medications and claims to be currently "ADA qualified" as a citizen of France, he has not submitted any medical records reflecting medical care, treatment, or diagnoses following his release from prison in 2018. Plaintiff claims to have medical infirmities and disabilities, including irreversible "progressive neurodegenerative medical conditions," aphasia, and "Complex-PTSD," that are not supported by the four pages of prison medical records attached to several pleadings and motions. (Docket Entry No. 57, pp. 1–2.) Nevertheless, the Court has not denied plaintiff

---

[3]Plaintiff makes multiple references in his pleadings to having "helpers" who help him prepare and format his pleadings for filing. No explanation is given as to why these helpers were unable to mail a compliant amended complaint on plaintiff's behalf during the past two-and-one-half years.

any judicial relief in this lawsuit based on a lack of medical support, nor has it struck any motion or response as untimely. Despite his limitations, plaintiff has consistently filed coherent pleadings in this lawsuit with appropriate references to legal authorities. The Court has granted plaintiff's requests for extensions of time and has afforded him additional time to file his pleadings even in absence of specific requests.

From all appearances, plaintiff elected to forgo his existing claims against defendants Looney and Fisher and instead file or refile expired claims against new or previously-dismissed defendants. This is not what the Court authorized in March 2021, and the Court denied plaintiff authorization to proceed in this manner in February 2022. Plaintiff has taken no further steps to prosecute this lawsuit. While the Court is sympathetic to plaintiff's situation and has extended him considerable leeway, he cannot blame his lack of due diligence in prosecuting this case on an inability to file through CM/ECF, his former lawyer's performance, or his mental health issues.

When determining whether to dismiss a case for lack of prosecution, this Court "weigh[s] the court's need to manage its docket, the public interest in expeditious resolution of litigation, the risk of prejudice to defendants from delay, and the policy favoring disposition of cases on their merits." *Edwards v. Harris County Sheriff's Dept.*, 864 F. Supp. 633, 636 (S.D. Tex. 1994). These factors weigh heavily in favor of dismissal in this case.

It has been over one-and-one-half years since this Court struck plaintiff's non-compliant amended complaint and nearly two-and-one-half years since this Court originally

granted him leave to amend his claims against defendants Looney and Fisher. The Court's docket shows that, at the time defendants filed the pending Rule 41(b) motion, plaintiff had not filed any pleadings or communications with the Court since July 20, 2021. While an exact time period has not been established for determining when a delay is unreasonable for purposes of Rule 41(b), this Court has held a delay to be "unreasonable" when the plaintiff did not file any pleadings or communicate with the Court and opposing counsel in any manner for fourteen months. *Edwards*, 864 F. Supp. at 637.

The Court has afforded plaintiff ample time and opportunity to comply with the Court's order of March 25, 2021, or to take other action to prosecute his claims against Looney and Fisher. It has further denied his requests to replead expired claims or raise new expired claims against individuals other than Looney and Fisher. No compliant pleading has been forthcoming, nor has plaintiff presented any specific plans for further prosecution or resolution of this lawsuit. The Court cannot continue to retain this case on its docket in absence of any indication from plaintiff of his intent – and plans – to move this case forward in an expeditious manner. To the contrary, plaintiff has made clear that he no longer wishes to prosecute his claims against the two defendants remaining in this lawsuit. It would be inherently unfair to require defendants Looney and Fisher to continue defending this lawsuit when plaintiff has taken no action to further the prosecution of any claims against them. In short, there is no justification for retaining this lawsuit on the Court's docket.

Plaintiff has not exercised due diligence in pursuing his claims against defendants Looney and Fisher, and this case will be dismissed under Rule 41(b).

## IV. CONCLUSION

Defendants Looney and Fisher's motion to dismiss for failure to prosecute (Docket Entry No. 52) is **GRANTED**. This case is **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b). Any and all pending motions are **DISMISSED AS MOOT**.

Signed at Houston, Texas, on this the 20th day of September, 2023.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE